FILED

JUL 31 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Santee Print Works,<br><br>PLAINTIFF,<br><br>vs.<br><br>GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc. and Electrical Wholesalers, Inc.,<br><br>DEFENDANTS. | C/A NO.:<br>3 03 2517 22 |

**DEFENDANT LITHONIA LIGHTING'S NOTICE OF REMOVAL**

COMES NOW the Defendant Lithonia Lighting, Defendant in the above-styled action, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332(a) and

2.

The matter in controversy in the above-entitled action, exclusive of interest and costs, exceeds $75,000.00. (See Plaintiff's responses to Lithonia's Interrogatories No. 5, attached hereto as Exhibit "2.")

3.

Defendant GE Lighting, a division of General Electric Company, is a New York corporation. (See Plaintiff's Complaint, ¶ 2.) Defendant Magnetek is a Delaware corporation with its principal place of business in Nashville, Tennessee. (See Plaintiff's Complaint, ¶ 5.) According to the Plaintiff's Complaint, Defendant Lithonia Lighting is

7.

In the instant case, the Plaintiff filed its lawsuit in order to protect its claim from being barred by the statute of repose. (See Exhibit "4" attached hereto. [Feb. 13, 2001 letter from Peter Eckardt]) Shortly after the lawsuit was filed, counsel for the Plaintiff encountered a significant personal issue. The wife of Plaintiff's counsel Peter Eckardt was apparently diagnosed with some type of brain tumor, which understandably required Mr. Eckardt's attention. At the request and suggestion of Plaintiff's attorney, the parties agreed to enter into an indefinite stay of the case and an indefinite extension of time in which to file any type of responsive pleading. (See copy of David Holler's March 2, 2001 letter to all counsel with a copy of a Consent Motion staying the case, attached [illegible] Exhibit "5") On March 1, 2001 a formal Consent Motion was filed with the

> hereto would like to continue the expert examination of the evidence and, in essence, **stay this litigation** pending the continued examination of the fire artifacts.

Moreover, the Court's Order, attached hereto as Exhibit "6," specifically states in pertinent part as follows:

> Whereas, it appears to the Court that the Plaintiff understood it was required by certain provisions of law to initiate the subject action at the time filed, but is nonetheless desirous of holding it **in abeyance** pending the further examination of evidence….

[redacted]

Third Floor
53 Perimeter Center East
Atlanta, GA 30346-2298
**Attorney for Lithonia Lighting, Inc.**

Mr. John B. Savoca
Smith & Duggan, LLP
Attorneys at Law
Two Center Plaza
Boston, MA 02108-1906
**Attorney for General Electric Company**

Mr. David N. Wolf
Snell & Wilmer, LLP
Attorneys at Law
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
**Attorney for Magnetek, Inc.**

The Tedford court conducted a comprehensive analysis of courts throughout the country and the guidance that those decisions provided. The Tedford court held that many time requirements in lawsuits such as statutes of limitations, etc. are subject to equitable tolling and exceptions. Moreover, the court went on to further state as follows:

> Moreover, the time limit for removal is not jurisdictional, it is merely modal and formal and may be waived. Tedford at 426.

The court in its final holding stated as follows:

> Section 1446(b) is not inflexible and the conduct of the parties may affect whether it is equitable to strictly apply the one-year time limit. Tedford at 426.

The court further went on to state that strict application of the one-year time limit would encourage plaintiffs to join non-diverse defendants for 366 days to avoid federal

In Winningkoff, the court was presented with a case where a stay was in effect and held that, due to the stay, the case had not been pending for one year. The court stated as follows:

> Under these unique circumstances, the court declines to apply the one-year rule in a rigid, mechanical manner. Rather, the court exercises its equitable power to conclude that re-removal was timely.... Winningkoff at * 3.

Other district courts around the country have similarly concluded that there are equitable exceptions to applying the general one-year rule in a strict rigid manner which would prevent the true purpose behind the removal statute. For example, in Morrison v. Nat'l Benefit Life Ins. Co., 889 F. Supp. 945 (S.D. Miss. 1995), the court once again concluded that where a defendant's failure to get into federal court is a procedural problem caused by an act of the plaintiff, there are equitable exceptions to the one-year time limit. In the instant case it is clear that, at the Plaintiff's request, a formal stay was entered into between the Plaintiff and the Defendants. Therefore, the Defendants should not be prejudiced and prevented from removing this case when less than one year after the stay was lifted the case is ripe for removal.

Similarly, in Kite v. Richard Wolf Medical Instruments Corp., 761 F. Supp. 597, (S.D. Ind. 1989), the court once again held that equitable considerations need to be given when addressing the one-year limitation. In Kite, the court again held that there would be

471 F. Supp. 328, 335 (D. S.C. 1979). In Heniford, the United States District Court, South Carolina Florence Division, stated that the right to remove a case is a substantial right of a non-resident defendant. This principle was originally expounded by the Supreme Court of the United States in Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 18 S.Ct. 264 (1898). Moreover, numerous other district courts have held that cases may be removed outside of the one-year timeframe. *See* Greene v. Mobil Oil Corp., 66 F. Supp.2d, 822 (E.D. Tex. 1999); Hill v. Ascent Ins. Co., Inc., 205 F. Supp.2d 606 (N.D.

At[redacted]lanta, GA 30346-2298
Phone: 770-391-9100
Fax: 770-668-0878

Consented to:

Harry C. Wilson, Jr.
David C. Holler
126 North Main Street
P. O. Box 580
Sumter, SC 29151

John B. Savoca, Esquire
Smith & Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906

COUNSEL FOR DEFENDANT
LITHONIA LIGHTING

M. Dawes Cooke, Jr. (Fed. I.D. #288)
P. Gunnar Nistad (Fed. I.D. #6786)
BARNWELL WHALEY PATTERSON & HELMS
Post Office Drawer H
Charleston, SC 29402
Phone: 843-577-7700

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that all counsel in this action have been served with a copy of **Defendant Lithonia Lighting's Notice of Removal**, by U.S. Mail, addressed as follows:

George E. Duncan, Jr.
Duncan & Mangiafico
5457 Roswell Road, Suite 203
Atlanta, GA 30342
**Attorneys for Plaintiff**

Stephen E. Darling, Esq.
Haynsworth Sinkler Boyd, P.A.
P.O. Box 340
Charleston SC 29402
**Attorneys for Plaintiff**

Christopher J. Daniels

John B. Savoca, Esq.
Smith & Duggan, LLP
620 Two Center Plaza
Boston, MA 02108-1906
**Attorneys for General Electric**

This 31 day of July, 2003.

Karen L. Jessee

Karen L. Jessee, Legal Secretary

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) THIRD JUDICIAL CIRCUIT
COUNTY OF SUMTER ) CASE NO. 01-CP-43-

01 FEB -1 2:1

CLERK OF COURT SUMTER COUNTY, S.C.

Santee Print Works,

PLAINTIFF,

vs.

GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc. and Electrical Wholesalers, Inc.,

DEFENDANTS.

***Summons***

DEFENDANT'S EXHIBIT

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer on the subscriber at his office located as 126 North Main Street, Post Office Box 580, Sumter, South

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRD JUDICIAL CIRCUIT |
| COUNTY OF SUMTER | ) | CASE NO. 00-CP-43-_______ |

| | | |
|---|---|---|
| Santee Print Works, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | ***COMPLAINT*** |
| vs. | ) | |
| | ) | |
| GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc. and Electrical Wholesalers, Inc., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

NOW COMES the Plaintiff, Santee Print Works, and for its Complaint against the Defendants, Electrical Wholesalers, Inc., GE Lighting, a division of General Electric Company, Magnetek, Inc. and Lithonia Lighting, Inc., states as follows:

**COUNT I**

5. Defendant Magnetek, Inc. is a Delaware corporation with its principal place of business located in Nashville, Tennessee.

6. Santee operates a textile manufacturing and storage facility in Sumter, South Carolina. When the facility was constructed in approximately 1993, metal halide lamps manufactured by GE Lighting were utilized in unenclosed fixtures manufactured by Lithonia. Magnetek manufactured the ballasts that were utilized in the unenclosed fixtures. Santee purchased the metal halide lamps and fixtures from Electrical Wholesalers.

7. At the time of their installation, GE Lighting and Lithonia knew or should have known of the dangers associated with the use of the metal halide lamps in unenclosed fixtures. In particular, GE Lighting and Lithonia knew or should have known that metal halide lamps used in unenclosed fixtures had the potential problem of rupturing when the ballast failed and raining hot pieces of glass and filament on combustible materials below, thereby presenting a significant

recklessness, negligence and/or gross negligence by failing to properly design, test, market, warn of, sell and/or otherwise place into the stream of commerce the metal halide lamps provided to Santee for use in its facility.

11. GE Lighting's breach of its duty was a direct and proximate cause of the damage actual and punitive suffered by Santee as set forth herein.

**COUNT III**

**SEVENTEENTH DEFENSE**

defect with the metal halide lamp in that there was the failure to give adequate warnings concerning the propensity of metal halide lamps to rupture when the ballast failed and allow pieces of hot glass and filament to fall onto combustible materials below. GE Lighting was aware of the rupturing problem, or by the application of reasonably developed human skill and foresight should have been aware of the problem, and failed to give adequate instructions to avoid the problem, which rendered the metal halide lamp unreasonably dangerous as marketed.

17. This marketing defect was a producing cause of the damage actual and punitive suffered by Santee as set forth herein.

**COUNT V**
**RECKLESSNESS, NEGLIGENCE AND/OR GROSS NEGLIGENCE**
**(LITHONIA)**

18. Santee incorporates Paragraphs 1 through 8, inclusive, as if fully set forth herein.

19. Lithonia had a duty to exercise reasonable care in designing, testing, marketing, warning of, selling and/or otherwise placing into the stream of commerce its unenclosed fixtures for use with metal halide lamps that were provided to Santee for use in the facility. Lithonia breached this duty and was guilty of recklessness, negligence and/or gross negligence by failing to properly

22. During the entire period of time material hereto, Lithonia was engaged in the business of selling unenclosed fixtures. At the time the unenclosed fixture that was involved in causing the fire was installed in the warehouse area of the facility left the possession of Lithonia, there was a design defect with the unenclosed fixture in that it lacked the necessary safeguards to prevent pieces of hot glass and filament from falling onto combustible materials below in the event of the known risk of metal halide lamp rupture when the ballast failed. This defect rendered the unenclosed fixture unreasonably dangerous as designed taking into consideration the utility of the product and the risk

Any of the damages, injuries, and losses as stated in the Complaint, all of which

26. This marketing defect was a producing cause of the damage actual and punitive

32. Magnetek's breach of its duty was a direct and proximate cause of the damage actual and punitive suffered by Santee as set forth herein.

33. WHEREFORE, Plaintiff demands judgment against all Defendants both actual and punitive in an amount to be determined by the trier of fact plus costs, disbursements, interest and attorney's fees as allowable by law.

Respectfully submitted,

**LEE, ERTER, WILSON, JAMES, HOLLER & SMITH, L.L.C.**

By: ______________________
Harry C. Wilson, Jr.
David C. Holler
126 North Main Street
Sumter, South Carolina 29151
Telephone: (803) 778-2471
Facsimile: (803) 778-1643

**LAW OFFICE OF MATTHEW D. FREIMAN**

Matthew D. Freiman
Peter J. Eckardt
1 Kemper Drive, B-7
Long Grove, IL 60049-0001
Telephone: (847) 320-5829
Facsimile: (847) 320-4166

**ATTORNEYS FOR PLAINTIFF SANTEE PRINT WORKS**

Sumter, South Carolina

February 1, 2001

#7

JAN 0 2 03

COPY

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) THIRD JUDICIAL CIRCUIT
COUNTY OF SUMTER ) CASE NO. 01-CP-43-120
)
SANTEE PRINT WORKS, )
)
Plaintiff, )
)
vs. )
)
GE LIGHTING, a division of GENERAL ELECTRIC COMPANY, LITHONIA LIGHTING, INC., MAGNETEK, INC. and ELECTRICAL WHOLESALERS, Inc. )

**<u>PLAINTIFF'S ANSWERS TO FIRST CONTINUING INTERROGATORIES OF DEFENDANT LITHONIA LIGHTING, INC.</u>**

DEFENDANT'S EXHIBIT

or part of an interrogatory. To that extent, Plaintiff objects to this interrogatory. Everette Harrington is comptroller of Santee Print Works.

**INTERROGATORY NO. 2:** Please give the names, addresses and telephone numbers of all individuals known to the parties or

- Everette Harrington. Mr. Harrington is the comptroller for Santee Print Works. He has knowledge of both the damages and liability issues in this case.
- Gene Olsen, electrician Santee Print Works. Mr. Olsen has knowledge of the liability aspect of this case.
- Charles Dixon, maintenance supervisor Santee Print Works. Mr. Dixon has knowledge of the liability aspect of this case. He gave a recorded statement to Don Dowling on February 15, 2000, which has been produced.

- Martin Barocas. Mr. Barocas is the President of Santee Print Works and has generalized knowledge with regard to the liability and damages aspect of this case.

- The following is a list of Santee personnel that were on duty at the time of the fire who may have knowledge related to this case. Any and all discoverable statements will be produced pursuant to the request for production:

| | |
|---|---|
| Justin Brunson | Thomas Bucklew |
| Jennie Chapman | Alton Coker |
| Steve Cook | Donald Cooper |
| William Dwyer | Sammie Generette |
| Charles Harris | David Howard |
| David Ingram | Machael Jackson |
| Matthew Mayfield | Christopher Moore |
| Ronnie Pearson | Harsen Richardson |
| William Earl Snyder | Charles Vaughn |
| Aaron Williams | Artie Williams |
| Edward Williams | Roosevelt Wright |
| Kristopher Yarborough | Shirley Geddings |
| Robert Goff | Elijah Ramsey |
| Mike Richburg | Ronnie Morris |

Plaintiff objects to producing any privileged statement consisting of materials developed in anticipation of litigation or made in preparation for trial by Plaintiff, its insurer, or

witness, and provide a copy of any written or recorded statement taken from such witness.

3.

Please see the answer to interrogatory number 2 above. All discoverable statements will be produced in response to Lithonia Lighting's Request for Production to Documents to Plaintiff. Plaintiff objects to producing any privileged matter, including statements, to the extent the same constitute trial preparation materials, materials developed in anticipation of litigation, attorney-client communications, or attorney work product.

**INTERROGATORY NO. 4:** Please set forth a list of all photographs, movies, slides, drawings, models, reproductions, sketches, blueprints, videotapes, or any other type of reproduction of any kind in possession of the plaintiff and or counsel that relate to the plaintiff's claims in any way, and include the following:

a. the date that each such item was taken;

b. the name and address of the person who took or made such reproduction;

c. describe what such reproduction shows;

d. the date taken or reproduced;

e. the name and address of the person who presently has possession; and

f. attach to or serve with your answers to these interrogatories prints of all photographs, movies, slides, drawings, or other reproductions together with

not heretofore specifically responded to is hereby denied

inspection. There are 35 VHS tapes from the inspections. It is expensive to reproduce these tapes. It is also likely that all of the parties do not want copies of the inspection video.

The following is a list of tapes in the file of Jerry Cline:

| Area Cam | Table Cam |
|---|---|

M. Dawes Cooke, Jr., Esq.

**BARNWELL, WHALEY, PATTERSON & HELMS, LLC**
Attorneys and Counselors at Law
885 Island Park Drive (29492)
P.O. Drawer H
Charleston, SC 29402
T: (843) 577-7700
F: (843) 577-7708
F:\GROUPS\KYLE\ACTIVE FILES\SANTEE\PLEADING\ANSWER TO PLs COMPLAINT.doc

5.

The total amount of the loss is presently calculated at $6,931,078.10. That includes the following categories:

Building: $ 784,187.40

Contents: $6,078,942.56

Time Elements: $ 67,948.20

Documentation supporting these damages has been produced in response to discovery in this case, and contains a more detailed itemization of the damages. The persons having knowledge of the damages and who participated in the preparation of the calculation of damages are Jerry McCall, Gary Emerson, Everette Harrington, James Michael Morgan, CPA, Gerald Burns, Greg Boling.

**INTERROGATORY NO. 6:** Please provide the names and addresses of any and all persons who have made any inspections, examinations, testing or who have visited the loss site at any time since the date of the loss, and for each such person please provide the following:

a. the name, address and telephone number;

b. the time, date and place of each inspection, examination or test;

c. describe in full all that was disclosed by each inspection, examination or test;

d. the occupation or specialty of the person who performed such inspection, examination or testing, along with their qualifications;

e. attach copies of all reports, memoranda or documentation of any kind which relate to such inspections, examinations or tests; and

f. if any photographs, videos or other reproductions were made at such time or any later time please identify such and attach hereto.

6.

Plaintiff objects to this interrogatory to the extent it is overly broad and unduly burdensome. Many employees of Plaintiff have visited the scene every day since this occurrence. Without waiving this objection Plaintiff answers as follows:

(a) Don Dowling and Jerry Cline, the CVs of whom have been produced to Defendants.

(b) These men have been at the Santee plant on several occasions.

(c) Plaintiff objects to this portion of this interrogatory to the extent it exceeds the parameters of permissible discovery under South Carolina Rule of Procedure 26. Without waiving this

objection, the inspections revealed information sufficient for Mr. Dowling and Mr. Cline to arrive at their opinions as to the origin and cause of the fire at issue.

(d) The CVs of Mr. Dowling and Mr. Cline have been produced to Defendants.

(e) Such materials, not privileged, will be produced in response to Request for Production of Documents to Plaintiff. Plaintiff objects to producing any privileged matter including attorney-work product, materials developed in anticipation of litigation or made in preparation for trial.

(f) All such photographs and videos are being produced.

**INTERROGATORY NO. 7:** Please state whether you or any person has retained any evidence, debris, artifacts, documents or items of any kind that remained from the fire scene. If so, please describe their current location, and if you are no longer in possession of such, please describe when it was last in your possession and what was done after that date with such items.

7.

Yes, all such materials have been produced for inspection by Defendants.

**INTERROGATORY NO. 8:** Please describe in complete detail how you contend the incident occurred, providing:

a. an exact description of all events immediately preceding the fire in chronological order;

b. an exact description of everything you contend caused and/or contributed to the subject fire loss;

c. itemize in complete detail any and all monies expended or expenses incurred or to be incurred as a result of the subject loss;

d. set forth in full detail the facts of your version of the incident giving rise to this lawsuit and identify by name and address all persons known to you to possess knowledge of the facts; and

e. please state in detail each and every fact upon which you rely to support your allegation that Lithonia Lighting's actions or inactions were the direct and proximate cause of any damages sustained by the plaintiff and identify each witness with knowledge of the facts relating to such allegations by name, address and telephone number, and identify each document which you rely upon to support such allegation.

8.

(a) Hot material from an overhead light fixture contacted combustibles within a rack contained in the Santee Print Works Plant resulting in a fire producing smoke that damaged the plant and contents of Santee Print Works.

(b) Manufacturing and design defects in the transformer, lamp, and/or fixture that failed.

(c) Please see the response to interrogatory number 5 above and documentation supporting that answer.

(d) Hot material from an overhead light fixture contacted combustibles within a rack contained in the Santee Print Works Plant resulting in a fire producing smoke that damaged the plant and contents of Santee Print Works. Persons with knowledge of the facts pertaining to liability are identified in answer to interrogatory number 2 above.

(e) Please see the response to interrogatory number 18, incorporated herein by reference.

**INTERROGATORY NO. 9:** Please describe in detail the service and maintenance history for the light fixtures you contend malfunctioned at the Santee facility.

9.

To the best of Plaintiff's knowledge, information and belief, the fixture was installed in 1988. Plaintiff is not aware that the fixture exhibited problems or required maintenance (other than possible lamp changing) until the date of the fire.

**INTERROGATORY NO. 10:** Please identify the architect, general contractor, electrical engineer and all other individuals who have any knowledge about the specifications for the lighting fixture(s) you contend malfunctioned, as well as the installation of such fixture(s).

10.

Plaintiff objects to interrogatory 10 upon the ground that it is vague, ambiguous and overly broad particularly as it relates to individuals "who have any knowledge about the specifications for the lighting fixtures you contend malfunctioned". Without waiving this objection, Plaintiff ordered the fixtures from Electrical Wholesalers as a 400 watt metal halide fixture and fixtures meeting that specification were delivered to it.

**INTERROGATORY NO. 11:** Please identify by name, address and telephone number the owner of the Santee facility.

11.

The facility is owned by Santee Print Works, a South Carolina Corporation, Plaintiff in this case.

**INTERROGATORY NO. 12:** Please identify by name, address and telephone number the individual who specified which fixtures were to be used at the Santee facility and identify the architect who designed the Santee facility.

12.

The portion of the facility where the fire occurred was not specifically designed by an architect, but rather the design was copied from prior add-ons to the facility. The fixtures were ordered as 400 watt metal halide fixtures from Electrical Wholesalers. Plaintiff believes that the fixtures were ordered by Gene Olsen.

**INTERROGATORY NO. 13:** Please identify the year when the subject fixture was installed at the Santee facility.

13.

Plaintiff believes that the fixture was installed in 1988.

**INTERROGATORY NO. 14**: Please identify by name, address and telephone number the individual responsible for purchasing the subject fixture.

14.

Gene Olsen.

**INTERROGATORY NO. 15**: Please identify the Plant Manager at the Santee facility on the date of this incident and please identify the person primarily responsible for the maintenance of the light fixtures located at the Santee facility at the time of this loss.

15.

Plaintiff does not have a "plant manager" per se. The maintenance of the lighting fixtures would come generally under the jurisdiction of Gene Olsen, electrical superintendent.

**INTERROGATORY NO. 16**: Please state the names, addresses and telephone numbers of all persons who investigated the fire in any form or fashion on behalf of Santee or their insurer.

16.

Jerry Cline and Don Dowling have investigated the fire on behalf of Plaintiff and its insurer. Investigation as to the damages portion of the loss was performed by J. Michael Morgan

of RGL Gallagher PC, as well as Greg Boling of Burns Services. Inc.

**INTERROGATORY NO. 17:** Please identify the fire marshals and/or fire investigators who have any knowledge about the fire that occurred at the Santee facility.

17.

The Fire Report for the incident at issue is produced herewith and bears the names of all fire department personnel at the scene.

**INTERROGATORY NO. 18:** With regard to the allegations contained in your Complaint that Lithonia was negligent, please provide each and every fact upon which you relied to support such allegation and please provide the name, address and telephone number of each individual who has knowledge of such facts, and all documents relied upon to support such allegations.

18.

Lithonia Lighting manufactured and sold a lighting fixture and transformer that were defective in that, *inter alia*, they were inadequately insulated and otherwise inadequately designed to be used with halide lamps, particularly in that it was an

open and unprotected fixture and the transformer was inadequate for the purpose intended. If the Defendant contends that Plaintiff's use of the fixture, or the manner in which power was supplied to the fixture caused or contributed to the fire, Lithonia negligently designed the fixture so as to accommodate such foreseeable use or consequence of supplying power to the fixture. Jerry Cline has knowledge of these matters. Discovery is continuing and Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 19:** With regard to the allegations contained in your Complaint that Lithonia negligently designed and marketed the subject product, please provide each and every fact that you rely upon to support such allegation, and please identify each individual with knowledge of such facts and all documents relied upon to support such allegations.

19.

Please see the response to interrogatory number 18 above, incorporated herein by reference. In addition, Lithonia may have been negligent in marketing its fixture and transformer to the extent it knew or should have known that they were not appropriately designed for use with halide lamps, in particular that it was an open and unprotected ficture. Lithonia further

may have been negligent in its failure to warn of the danger of arc tube rupture in halide lamps, and of the danger of using its fixture and transformer with halide lamps. To the extent Defendant contends Plaintiff misused or otherwise contributed to the fire at issue, Lithonia itself was negligent in failing to warn Plaintiff and the distributors of Lithonia's products of the dangers of such uses of Lithonia's products or other conduct of the Plaintiff claimed to contribute to the occurrence.

**INTERROGATORY NO. 20:** Please provide the factual basis for the plaintiff's contention that they are entitled to punitive damages in this case.

20.

To the extent Lithonia knew that its fixture and/or transformer were not appropriately designed for use with halide lamps and that its fixture and transformer were being so used, Lithonia may be liable for punitive damages.

**INTERROGATORY NO. 21:** Please state the names of any and all employees and/or agents of Kemper Insurance Co. (hereinafter, "Kemper") who have any knowledge regarding the subject loss, and please state the names, addresses and

telephone numbers of all employees and/or agents of "Kemper" who have investigated the subject loss.

21.

Plaintiff objects to this interrogatory on the ground that it is overly broad and unduly burdensome upon Plaintiff to identify every person having any responsibility in connection with the claim referenced. Without waiving this objection Gary Emerson and Jerry McCall have had primary responsibility for the handling of the claim by Plaintiff.

**INTERROGATORY NO. 22:** Please state the name, address and telephone number of the adjuster at "Kemper" and/or any other third party who handled this loss on a day-to-day basis, and please state whether any adjuster of "Kemper" kept an activity log and if an activity was logged please specify the name of each adjuster who kept such log.

22.

The Kemper claims file will be produced, except with respect to privileged attorney client communications, materials prepared in anticipation of litigation or for trial, and attorney work product.

**INTERROGATORY NO. 23:** Please state whether any experts were hired to determine the value of the property damaged. If any experts were hired for such purpose please state their name, address and telephone number, and state whether such expert has prepared a report with regard to the value of the damaged goods, and please state whether you paid replacement value or actual cash value for the damaged property.

23.

Yes. J. Michael Morgan of RGL Gallagher PC, as well as Greg Boling of Burns Services. Inc., each of whose files is being produced.

**INTERROGATORY NO. 24:** Please specify whether the plaintiff has a list and/or summary of all property damaged in the loss. If there is such a list or summary please provide an itemization of all property damages and the amount paid by "Kemper" for each such item.

24.

Yes, please see the loss itemizations in the file materials referenced in answer to interrogatory number 23 above, as well as the documentation of cleaning and remediation of smoke damage undertalen directly by Kemper and those engaged on its behalf.

**INTERROGATORY NO. 25:** Please state with particularity the procedure used to determine the amount of damages and the formula used to calculate such damages.

25.

Please see the report of J. Michael Morgan of RGL Gallagher PC, which provides this information as to each category of damages, along with the file materials of Greg Boling of Burns Services, Inc., which documents the expenses of cleaning, repair and remediation.

**INTERROGATORY NO. 26:** Please state whether Santee has executed any type of Loan Receipt Agreement and/or assignment of rights agreement or any release, settlement agreement, assignment agreement or contract of any kind with "Kemper."

26.

All such documents executed between Plaintiff and Kemper will be produced.

**INTERROGATORY NO. 27:** Please provide the exact amount of money that has been paid by "Kemper" to Santee as a result of this loss and please provide with specificity the itemization of any damages which have not been paid for by "Kemper" to Santee which the plaintiff claims he sustained in this fire loss.

27.

Kemper has paid to Plaintiff the sum of $4,973,019.14. Kemper paid others on account of damages sustained by Plaintiff the sum of $1,948,059.09. There was a $10,000.00 policy deductible.

**INTERROGATORY NO. 28:** Please identify any and all alarm systems that were installed at the Santee facility up and through and according the date of loss, and identify whether such alarm systems were functioning at the time of the fire. Provide any documents, manuals, videotapes or other recordings that reflect these alarm systems and their operation the day of the fire and for the period of one (1) week before such fire.

28.

The fire system is an ADT system that is monitored by ADT. The system was checked once per month by ADT. All reports will be in their possession, and Plaintiff will produce them as they are obtained by Plaintiff. Please see some documents containing reference to the subject matter of this interrogatory in the file of Don Dowling, produced herewith. Since the loss Plaintiff has added cameras and gates to its security monitoring system.

**INTERROGATORY NO. 29:** Please identify any and all individuals who were present at the Santee facility at the time of the fire by name, address and telephone number.

29.

The fire occurred prior to the start of the third shift. Because of the holiday weekend, there would not have been a second shift. It would be virtually impossible to determine who specifically was present at the time of the fire and which members of the third shift came in after the fire had already started. The material witnesses have been identified. The following people were scheduled to work the night of the fire. They may or may not have been in the building or in the Santee complex during the time of the fire.

| | |
|---|---|
| Justin Brunson | Thomas Bucklew |
| Jennie Chapman | Alton Coker |
| Steve Cook | Donald Cooper |
| William Dwyer | Sammie Generette |
| Charles Harris | David Howard |
| David Ingram | Machael Jackson |
| Matthew Mayfield | Christopher Moore |
| Ronnie Pearson | Harsen Richardson |
| William Earl Snyder | Charles Vaughn |
| Aaron Williams | Artie Williams |
| Edward Williams | Roosevelt Wright |
| Kristopher Yarborough | Shirley Geddings |
| Robert Goff | Elijah Ramsey |
| Mike Richburg | Ronnie Morris |

**INTERROGATORY NO. 30:** Please provide the names, addresses and telephone numbers of any and all individuals who

had access by any means to the Santee facility at the time of the fire, and provide the basis for such access.

30.

At the time of the fire, the clamp was open for third shift employees. The only people that would have access to the plant while it was closed would be the security department or senior management of the company including Everette Harrington, Gene Olsen, Charles Dixon, Dick Huff, Martin Barocas.

**INTERROGATORY NO. 31:** Please identify the names, addresses and telephone numbers of all individuals and/or third party contractors who provided any type of maintenance, cleaning and/or custodial services for the part of the Santee facility that was damaged by the fire on the date of the loss and provide such information for all such individuals since the date of the loss.

31.

All such services were provided by in house resources. The guard services were provided by Security Management. Plaintiff will supplement as to the provider of such services subsequent to the loss.

**INTERROGATORY NO. 32:** Please identify every expert witness you have employed to act on your behalf in any manner pertaining to this action. For each such witness identified please state the following:

a. the name, address and telephone number;

b. the date such expert was hired;

c. the occupation and specialty;

d. a description of qualifications, and provide a copy of their CV;

e. a description of the services the expert has been appointed to perform;

f. whether you intend to call the expert as a witness at the trial of this matter;

g. the subject matter in which the expert is expected to testify;

h. the substance of the expert's testimony;

i. the facts and basis for each expert's opinion; and

j. whether each expert has prepared any written opinion at this time, and if so please produce a copy of such.

32.

(a) Jerry Cline, Technical Investigations, Inc., 935-A Cobb Place Boulevard, Kennesaw, Georgia 30144.

(b) To be provided by supplement.

(c) Scientific analysis and testing (see CV produced herewith).

(d) Please see the CV produced herewith.

(e) Provide expert consulting within his area of expertise.

(f) Undetermined at this time, but Plaintiff may call Mr. Cline as a witness.

(g) See (h) below.

(h) Mr. Cline will testify with regard to the following:

1. The failure scenerio;

2. The specific items that failed causing this fire;

3. The manufacturing and design problems involved in the failure of the components including the ballast, transformer, light bulb and/or fixture;

4. Other matters of opinions falling within his area of expertise.

(i) Observation of the scene and the products at issue, as well as his knowledge and experience within his field of expertise.

(j) Mr. Cline's file materials have been produced. He has no written opinion at this time.

-------

(a) Don Dowling, Dowling & Associates, Inc., 679 Old Hickory Lane, SW, Lilburn, Georgia 30047.

(b) To be provided by supplement.

(c) Fire investigation and life safety & fire code analysis.

(d) Mr. Dowling's CV has been produced.

(e) Provide expert consulting services within his area of expertise.

(f) Undetermined at this time, but Plaintiff may call Mr. Dowling as a witness.

(g) See (h) below.

(h) Mr. Dowling will testify with regard to the following:

1. The origin and cause investigation that he undertook;

2. His opinions with regard to the origin and cause of the fire;

(i) Mr. Dowling's observation of the scene and artifacts from the fire together with his knowledge and experience within the field of his expertise.

(j) Mr. Dowling's file materials have been produced.

**INTERROGATORY NO. 33:** Please set forth the names and addresses of all insurance companies that have any type of insurance coverage relative to this claim and set forth the number and/or numbers of such policies involved, the amounts of such coverage provided in any such policy, and specify all amounts of money that have been paid to Santee and/or any other party under such policies. Please also produce a copy of all such policies and attach hereto.

33.

The Kemper policy has been produced. There is no other coverage applicable in favor of Plaintiff. Kemper has paid to Plaintiff $4,973,019.14. Kemper has paid $1,948,059.09 to others on account of damages sustained by the Plaintiff.

**INTERROGATORY NO. 34:** Please list and describe all evidence, photographs, videotapes, films, documents, evidence and/or any other tangible items of any kind that you intend to introduce as evidence or use at the trial of this matter.

34.

Plaintiff objects to the extent this interrogatory calls for attorney work product. Without waiving this objection, Plaintiff has identified and produced all relevant materials described in this interrogatory in response to previous

interrogatories and document production requests. Plaintiff may introduce any such materials.

**INTERROGATORY NO. 35:** Please state the names, addresses and telephone numbers of all witnesses that you intend to call at the trial of this matter, and provide a brief summary of the expected testimony to be offered by such witness.

35.

Plaintiff objects to the extent this interrogatory calls for attorney work product. Without waiving this objection, Plaintiff has identified persons with knowledge relevant to the issues in this case, and may call any such persons.

**INTERROGATORY NO. 36:** Please identify with specificity any and all fires that had taken place at any time during the ten (10) year period prior to the date of this incident at the Santee facility, and for each such fire please provide the name of the fire department that responded at the scene, and provide the individual at Santee and/or their insurer who has the most knowledge regarding each such fire.

36.

This information will be provided by supplemental response to the best of Plaintiff's ability. The responding fire department would be the Sumpter County Fire Dept.

**INTERROGATORY NO. 37:** Please provide the names, addresses and telephone numbers of any and all individuals who were employed by Santee on the date of the incident and describe a brief description of each such individual's job duties. Please also state whether each such individual is still employed at the Santee facility.

37.

Defendant objects to interrogatory number 37 upon the ground that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects upon the ground that given the scope of the interrogatory the request is harassing and vexatious. By way of further response, Plaintiff had approximately 1150 individuals employed in September of 1999.

**INTERROGATORY NO. 38:** Please set forth whether Santee has ever made any type of claim as a result of any other type of

fire loss in the past and for each such claim set forth the following:

a. the nature of each such claim; and

b. the resolution of each such claim.

38.

Plaintiff objects to interrogatory number 38 upon the ground that it is overly broad. The only fire claim of which Plaintiff's management has recollection would have been a fire that occurred in the late 1960's or early 1970's involving a roof over the finishing department. Plaintiff believes that a claim was submitted by Allendale Factory Mutual and adjusted and resolved to the satisfaction of all parties.

DUNCAN & MANGIAFICO, P.C.

By: George E. Duncan, Jr.
George E. Duncan, Jr.
State Bar No. 233450

By:
Edgar S. Mangiafico, Jr.
State Bar No. 468775

5457 Roswell Road, Suite 203
Atlanta, Georgia 30342
(404) 256-4882

Stephen E. Darling, Esq.
HAYNSWORTH SINKLER BOYD, P.A.
160 East Bay Street
P.O. Box 340
Charleston, SC 29402-0340
**Local Counsel for Santee Print Works**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SUMTER<br><br>SANTEE PRINT WORKS,<br><br>Plaintiff,<br><br>vs.<br><br>GE LIGHTING, a division of GENERAL ELECTRIC COMPANY, LITHONIA LIGHTING, INC., MAGNETEK, INC. and ELECTRICAL WHOLESALERS, Inc.<br><br>Defendants. | ) | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT |

**CERTIFICATE OF SERVICE**

This is to certify that I have this date served counsel for all parties to this action with a copy of **PLAINTIFF'S ANSWERS TO FIRST CONTINUING INTERROGATORIES OF DEFENDANT LITHONIA LIGHTING, INC.** by depositing same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon and addressed as follows:

Chris Daniels, Esq.
Nelson Mullins Riley & Scarborough, LLP
2411 N. Oak Street, Suite 301
P.O. Box 3939
Myrtle Beach, SC 29577
**Attorneys for General Electric**

M. Dawes Cooke, Jr.
P. Gunnar Nistad
Barnwell Whaley Patterson & Helms, LLC
885 Island Park Drive (29492)
Post Office Drawer H
Charleston, SC 29402
**Attorneys for Lithonia Lighting, Inc.**

John B. Savoca, Esq.
Smith & Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906
**Attorneys for General Electric**

Steven J. Kyle, Esq.
Bovis, Kyle & Burch, LLC
53 Perimeter Center East, Third Floor
Atlanta, Georgia 30346-2298
**Attorneys for Lithonia Lighting, Inc.**

E. Raymond Moore, III, Esq.
Murphy & Grantland, P.A.
2110 Beltline Blvd.
P.O. Box 6648
Columbia, SC 29260
**Attorneys for Electrical Wholesalers, Inc.**

Monteith P. Todd, Esq.
Sowell Gray Stepp & Laffitte, L.L.C.
1310 Gadsden St.
Columbia, SC 29201
**Attorneys for Magnetek, Inc.**

David N. Wolf, Esq.
Snell & Wilmer, L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
**Attorneys for Magnetek, Inc**

This 30 day of December, 2002.

DUNCAN & MANGIAFICO, P.C.

BY: ______________________
Edgar S. Mangiafico, Jr.
State Bar Number 468775

5457 Roswell Road, Suite 203
Atlanta, Georgia 30342
(404) 256-4882

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2001-CP-43-120

Santee Print Works,

Plaintiff,

vs.

GE Lighting, a division of General Electric Company, Lithonia Lighting, a Division of Acuity Lighting Group, Inc., Magnetek, Inc., and Electrical Wholesalers, Inc.,

Defendants.

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**COPY**

The above-referenced matter having been settled as to Plaintiff's claims against Defendant Electrical Wholesalers, Inc., the undersigned as attorneys for all the parties who have appeared herein, hereby stipulate pursuant to Rule 41(a)(1)(B) of the South Carolina Rules of Civil Procedure, that the Complaint be dismissed, as to Defendant Electrical Wholesalers, Inc., **with prejudice** and forever ended.

**WE SO STIPULATE:**

E. Raymond Moore, Esquire
Murphy & Grantland, P.A.
2110 Beltline Boulevard
P.O. Box 6648
Columbia, S.C. 29260
(843) 782-4100

**Attorneys for Defendant Electric Wholesalers, Inc.**

George E. Duncan, Jr., Esquire
Duncan & Mangiafico
5457 Roswell Road, Suite 203
Atlanta, GA 30342
(404) 256-4882

**Attorneys for Plaintiff**

**SIGNATURES CONTINUED ON FOLLOWING PAGES**

**WE SO STIPULATE:**

Steven J. Kyle, Esquire
Bovis, Kyle & Burch, LLC
53 Perimeter East, Third Floor
Atlanta, GA 30346-2298
(770) 391-9100

**Attorneys for Defendant
Lithonia Lighting, a division of
Acuity Brands, Inc.**

**WE SO STIPULATE:**

David N. Wolf, Esquire
Snell & Wilmer, LLP
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
(801) 257-1900

**Attorneys for Defendant**
**Magnetek, Inc.**

**WE SO STIPULATE:**

Christopher J. Daniels, Esquire
Nelson Mullins Riley & Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211
255-9457

Thomas Cooper, Esquire
John Savoca, Esquire
Smith and Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906
(617) 248-1900

**Attorneys for Defendant**
**General Electric Company**

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS

CIVIL ACTION NO: 2001-CP-43-120

Santee Print Works,

Plaintiff,

vs.

GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc., and Electrical Wholesalers, Inc.,

Defendants.

**CERTIFICATE OF SERVICE**

**COPY**

I, the undersigned employee of the law offices of Murphy & Grantland, P.A., Attorneys for Defendant Electrical Wholesalers, Inc., do hereby certify that I have served a copy of the foregoing Stipulation of Dismissal, dismissing Electrical Wholesalers, Inc. only in connection with the above-referenced case placing same in the U.S. mail, postage paid to:

Stephen E. Darling, Esquire
Haynesworth Sinkler & Boyd, P.A.
P.O. Box 340
Charleston, SC 29401-2120

David N. Wolf, Esquire
Snell & Wilmer, LLP
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

Thomas Cooper, Esquire
Smith and Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906

Ronald Negin, Esquire
Steven J. Kyle, Esquire
Bovis, Kyle & Burch, LLC
Third Floor
53 Perimeter Center East
Atlanta, GA 30346-2298

George E. Duncan, Jr., Esquire
Duncan & Mangiafico
5457 Roswell Road, Suite 203
Atlanta, GA 30342

A. Jackson Barnes, Esquire
Sowell, Gray, Stepp & Lafitte, LLC
1310 Gadsden Street
P.O. Box 11449
Columbia, SC 29211

Christopher J. Daniels, Esquire
Nelson Mullins Riley & Scarborough, LLP
P.O. Box 11070
Columbia, SC 29211

M. Dawes Cooke, Jr., Esquire
Barnwell Whaley Patterson & Helms, LLC
885 Island Park Drive (29492)
P.O. Drawer H
Charleston, SC 29402

Paula Mahoney

Columbia, South Carolina
July 23, 2003

LAW OFFICE OF
**MATTHEW D. FREIMAN**
1 KEMPER DRIVE, B-7
LONG GROVE, IL 60049-0001

MATTHEW D. FREIMAN
BRIDGET HEALY SCHOENIG
EILEEN M. MALONEY
PETER J. ECKARDT
JAMES M. ROZAK

TELEPHONE: (847) 320-4080
FACSIMILE: (847) 320-3300
Writer's Direct Line: (847) 320-3950
Writer's E-Mail Address: peckardt@lglit.com

February 13, 2001

Mr. John B. Savoca
Smith & Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906

Mr. David N. Wolf
Snell & Wilmer, L.L.P.
One Arizona Center
Phoenix, Arizona 85004-2202

Mr. Al Hickey
Bovis, Kyle & Burch, LLC
Third Floor, 53 Perimeter Center East
Atlanta, GA 30346

| | | |
|---|---|---|
| **RE:** | **Our Insured:** | **SANTEE PRINTWORKS** |
| | **Kemper Claim No.:** | **183KP041284** |
| | **Date of Loss:** | **September 6, 1999** |
| | **Our File No.:** | **1999PS00169** |

Gentlemen:

You will recall that I had discussed with you the fact I had to make a decision on filing suit due to a potential statute of repose issue. After weighing all of the options I have decided that I will file suit. You may have already been served by now. I would prefer to keep in place all of the already discussed discovery. In other words, I would prefer to have the resumption of the inspection remain on the day that it is presently scheduled for. I am also still working on getting the documents and materials that Dave Wolf asked for.

If any of you are interested in an extension to answer, please let me know and I will accommodate as best I can.

If you have any questions regarding this letter, please feel free to contact me.

Very truly yours,

Peter J. Eckardt

Peter J. Eckardt

PJE/mmf

cc: Jerry McCall
Steve Badger
Peter Hood
Chris Dieckman

G:\PMWIN\PUBL\PECKARDT\COR\284805.a06

Lee, Erter, Wilson, James, Holler & Smith, L.L.C.

Jack W. Erter, Jr.
Harry C. Wilson, Jr.
George C. James, Jr.
David C. Holler*
G. Murrell Smith, Jr.
John E. James, III
--------
J. Hugh Ryan, III

*Licensed in SC, NC & GA

Attorneys at Law
------------
126 North Main Street
Post Office Box 580
Sumter, South Carolina 29151

Henry B. Richardson, Sr. (1916-1997)
John D. Lee, Jr. (1921-1999)
George C. James (1927-1999)

Telephone: (803) 778-2471
Facsimile: (803) 778-1643

E-Mail Address: dholler@cpis.net

March 2, 2001

Mr. Timothy A. Hickey, Jr.
Bovis, Kyle & Burch, LLC
Attorneys at Law
Third Floor
53 Perimeter Center East
Atlanta, GA 30346-2298

Mr. John B. Savoca
Smith & Duggan, LLP
Attorneys at Law
Two Center Plaza
Boston, MA 02108-1906

Mr. David N. Wolf
Snell & Wilmer, LLP
Attorneys at Law
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

DEFENDANT'S EXHIBIT

Re: Santee Print Works vs. GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc., and Electrical Wholesalers, Inc.
Docket No. 01-CP-43-120

Gentlemen:

Pursuant to our discussions, enclosed please find a certified copy of a Consent Motion for Enlargement of Time to Answer or Otherwise Respond which I hereby serve upon you as attorneys for Lithonia Lighting, General Electric and Magnetek, respectively.

Please accept this with my kindest regards.

Yours very truly,

LEE, ERTER, WILSON, JAMES, HOLLER & SMITH

David Holler

David C. Holler

DCH:jsm
enclosure

cc: Mr. Peter J. Eckardt
Mr. J. R. Murphy

**STATE OF SOUTH CAROLINA**
**COUNTY OF SUMTER**

RECORDED
01 MAR -2 PM 4:29
O.V. PLAYER, JR.
CLERK OF COURT
SUMTER COUNTY, S.C.

**IN THE COURT OF COMMON PLEAS**
**THIRD JUDICIAL CIRCUIT**
**CASE NO. 01-CP-43-120**

**Santee Print Works,**

**PLAINTIFF,**

**v.**

**GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc. and Electrical Wholesalers, Inc.,**

**DEFENDANTS.**

**CONSENT MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND**

COME NOW the parties hereto, by and through their undersigned counsel, and

2.

Since soon after the fire, several of the parties' representatives have been engaged in a detailed and thorough examination of the evidence and fire artifacts. As the investigation progressed, additional parties were invited to participate in the expert examination of the artifacts, thus prolonging the examination.

3.

Given the complexity of the matter and the condition of the evidence, each party has retained several experts in different specialties, including electrical engineering and fire origin and cause.

4.

Although the matters are complex, the parties numerous, and the experts many, the parties hereto have worked together in an amiable fashion in scheduling inspections and examining the evidence. The parties who were first notified of the fire have convened on four occasions, for many days on each occasion, in order to examine the fire artifacts and evidence. However, much remains to be done. In addition, given the number of parties and experts involved, the next dates on which the parties and their experts can once again gather to continue the examination of the evidence is May 12-18, 2001.

5.

It was the intention of all parties to this matter that the evidence be examined and that many of the issues be resolved prior to initiating litigation. However, plaintiff believed it necessary to file the subject action in order to protect itself and preserve its rights against certain defendants because it perceived that certain periods of limitation

continue the expert examination of the evidence and, in essence, stay this litigation pending the continued examination of the fire artifacts.

## CONCLUSION

WHEREFORE, the parties hereto, pursuant to South Carolina Rule of Civil Procedure 6(b), move the Court for an order granting defendants an indefinite period of [redacted]

**Attorneys for Plaintiff:**

Peter J. Eckardt, Esquire
Law Office of Matthew D. Freiman
1 Kemper Drive, B-7
Long Grove, IL 60049-0001
and
Harry C. Wilson, Jr.
David C. Holler
[illegible]

Mr. J. R. Murphy
Murphy & Grantland, P.A.
Attorneys at Law
P. O. Box 6648
Columbia, SC 29260
**Attorney for Electrical Wholesalers**

**STATE OF SOUTH CAROLINA**
**COUNTY OF SUMTER**

**IN THE COURT OF COMMON PLEAS**
**THIRD JUDICIAL CIRCUIT**
**CASE NO. 01-CP-43-120**

**Santee Print Works,**

**PLAINTIFF,**

**vs.**

**GE Lighting, a division of General Electric Company, Lithonia Lighting, Inc., Magnetek, Inc. and Electrical Wholesalers, Inc.,**

**DEFENDANTS.**

(b) Provided, however, plaintiff may upon thirty (30) days' written notice to the party defendants, same also being filed with the Clerk of the Court, demand of defendants answers to its complaint;

(c) All subject to further consideration and order of the court.

SO ORDERED this 16 date of May, 2001.

L. Henry McKellar

**Prepared and presented by:**

Timothy A. Hickey, Jr.
Georgia Bar No. 350620
Bovis, Kyle & Burch, LLC
Third Floor

Law Office of Matthew D. Freiman

**STATE OF SOUTH CAROLINA**
**COUNTY OF SUMTER**

**IN THE COURT OF COMMON PLEAS**
**THIRD JUDICIAL CIRCUIT**
**CASE NO. 01-CP-43-120**

SANTEE PRINT WORKS, )
)
Plaintiff, )
)
v. )
)
GE LIGHTING, a Division of General Electric )
Company, LITHONIA LIGHTING, INC., )

**TENTH DEFENSE**

Plaintiff's claims against Lithonia Lighting are barred by virtue of the Learned Intermediary Doctrine and Sophisticated User Doctrine.

**ELEVENTH DEFENSE**

Plaintiff in the exercise of ordinary care should have known of the risks and hazards involved in possession and use of the product; but, nevertheless, and with foreknowledge did fully and voluntarily consent to assume the risks and hazards associated with and related to use of said product thereby barring recovery from any injury and damages. The product in question was of good merchantable quality and was fit and safe for its ordinary and intended use at the time it left Lithonia's

Plaintiff's claims against Lithonia Lighting are barred on the grounds that no act or omission on the part of Lithonia Lighting caused or contributed to cause any damage that may have been sustained.

## FIFTEENTH DEFENSE

The damages incurred by the Plaintiff, if any, were caused by the negligence of the Plaintiff and/or the negligence of third parties over which Lithonia had no control or responsibility.

## SIXTEENTH DEFENSE

Plaintiff's claims against Lithonia Lighting are barred on the grounds that any damage that may have been sustained was caused by the unforeseeable and improper use, misuse and/or abuse of the product.

At the time the product involved in this case left the control of Lithonia, said

Plaintiff failed to heed and abide by the clear, conspicuous warnings contained on the subject product and container.

**TWENTY-SEVENTH DEFENSE**

The subject product referred to in Plaintiff's Complaint met all applicable federal, state, OSHA, and other governmental standards as well as all industry standards

defendant could be subjected to multiple awards of punitive damages for the same set of facts;

The self-incrimination clause is being violated because this Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages;

The assessment of punitive damages by burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and, therefore, quasicriminal in nature;

Plaintiff's claim for punitive damages violates this Defendant's rights to access

Responding to the specific allegations contained in Plaintiff's Complaint, Lithonia Lighting states as follows:

**1.**

Lithonia Lighting is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint. To the extent that a response is deemed required, said allegations are denied.

**2.**

Lithonia Lighting is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint. To

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied as stated.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8.

As to the allegations contained in Paragraph 8 of Plaintiff's Complaint, upon information and belief Lithonia Lighting admits that a fire occurred on or about

By their terms, the allegations contained in Paragraph 11 of Plaintiff's Complaint do not pertain to Lithonia Lighting and do not require a response by Lithonia Lighting. To the extent that a further response is deemed required, said allegations are denied.

**COUNT III**
**<u>PRODUCTS LIABILITY – DESIGN DEFECT</u>**
**(GE LIGHTING)**

**12.**

In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, Lithonia Lighting asserts, realleges, reavers, and incorporates by reference each of the previous responses as if fully set forth herein.

**13.**

By their terms, the allegations contained in Paragraph 13 of Plaintiff's Complaint do not pertain to Lithonia Lighting and do not require a response by Lithonia Lighting. To the extent that a further response is deemed required, said allegations are denied.

**14.**

By their terms, the allegations contained in Paragraph 14 of Plaintiff's Complaint do not pertain to Lithonia Lighting and do not require a response by Lithonia Light

**16.**

By their terms, the allegations contained in Paragraph 16 of Plaintiff's Complaint do not pertain to Lithonia Lighting and do not require a response by Lithonia Lighting. To the extent that a further response is deemed required, said allegations are denied.

**17.**

By their terms, the allegations contained in Paragraph 17 of Plaintiff's Complaint do not pertain to Lithonia Lighting and do not require a response by Lithonia Lighting

In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, Lithonia Lighting asserts, realleges, reavers, and incorporates by reference each of the previous responses as if fully set forth herein.

**22.**

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

**23.**

The allegations contained in Paragraph 23 of Plaintiff's Complaint

**STATE OF SOUTH CAROLINA**
**COUNTY OF SUMTER**

**IN THE COURT OF COMMON PLEAS**
**THIRD JUDICIAL CIRCUIT**
**CASE NO. 01-CP-43-120**

SANTEE PRINT WORKS,

Plaintiff,

v.

GE LIGHTING, a Division of General Electric Company, LITHONIA LIGHTING, INC., MAGNETEK, INC., and ELECTRICAL WHOLESALERS, INC.,

Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served **Lithonia Lighting's Answer to Plaintiff's Complaint** upon all counsel of record, by placing a true and correct copy of same in the United States Mail, with adequate postage thereon, addressed as follows:

John B. Savoca, Esq.
Smith & Duggan, LLP
Two Center Plaza
Boston, MA 02108-1906

George Duncan, Esq.
Duncan & Mangiafico, P.C.
5457 Roswell Road, S-203
Atlanta, GA 30342

David N. Wolf, Esq.
Snell & Wilmer, LLP
15 West South Temple
Suite 1200

Steven J. Kyle, P.C.
Ronald F. Negin, Esq.
Bovis, Kyle & Burch, LLC
53 Perimeter Center East, 3rd Floor

Robert E. Erwin, Jr., Esq.
Christopher J. Daniels, Esq.
Nelson Mullins Riley & Scarborough
2411 N. Oak Street, S-301
P.O. Box 3939
Myrtle Beach, SC 29577

E. Raymond Moore, III, Esq.
Murphy & Grantland, P.A.
2110 Beltline Blvd.
P.O. Box 6648
Columbia, SC 29260

This 11th day of November, 2002.